# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1436 | **DATE** | 12/19/2000 |
| **CASE TITLE** | M.S. Distributing Co. vs. Web Records, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Ilene Berns; Motion to Dismiss for Lack of Personal Jurisdiction

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The court denies defendant Ilene Berns' motion to dismiss for lack of personal jurisdiction [15-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| ☒ | No notices required, advised in open court. | | Document Number |
| ☐ | No notices required. | number of notices | |
| ☐ | Notices mailed by judge's staff. | | |
| ☐ | Notified counsel by telephone. | DEC 21 2000 date docketed | 27 |
| ☐ | Docketing to mail notices. | | |
| ☐ | Mail AO 450 form. | docketing deputy initials | |
| ☐ | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 DEC 20 PM 6: 12 | |
| slb | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| M.S. DISTRIBUTING CO.<br>a corporation, | )<br>)<br>) 00 C 1436 |
| Plaintiff, | )<br>) |
| v. | )<br>) Judge George W. Lindberg |
| WEB RECORDS, INC., a corporation,<br>ILENE BERNS and BRIAN JACKSON, | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Ilene Berns' motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2). Plaintiff, M.S. Distributing. an Illinois corporation, brought this diversity action for breach of contract against defendants Web Records, Inc., a Tennessee corporation; Berns, a citizen of Florida; and Brian Jackson, a citizen of Florida. According to plaintiff, Berns is an owner and officer of Web Records, Inc. Plaintiff alleges that a distribution agreement (Agreement) between M.S. Distributing and Web Records that the parties signed on April 6, 1998, terminated in late 1998 or early 1999, and that Web Records still owes M.S. Distributing $650,311.79 under the terms of the contract.

Section 8 of the Agreement is entitled "Terms of Payment." It describes the method of invoicing, including the recuperation of advance and duplication costs by the plaintiff. Section 8(b)(2) states that "Ilene Berns and Brian Jackson[1] shall jointly and

---

[1] Jackson has accepted personal jurisdiction by filing an answer.

severally guarantee the repayment of any portion of such advance and duplication payments not otherwise recouped by [M.S. Distributing], and they are signing this Distribution Agreement solely to evidence this guarantee."

Section 20 of the Agreement, entitled "Choice of Law," states that "(t)his Agreement shall be governed by the laws of Illinois and any litigation between [Web Records] and [M.S. Distributing] arising hereunder shall be in the State or Federal Courts in Chicago, Illinois."

The final page of the Agreement states that "the parties have executed this Agreement" and contains the signatures of Ilene Berns and Brian Jackson for Web Records.

Berns maintains that she signed the Agreement only in the limited capacity of a guarantor, that the guarantor provision of the Agreement does not itself provide a basis to subject her to the jurisdiction of this court, and that the choice of law provision specifically addresses the two parties to the Agreement, Web Records and M.S. Distributing, and not the guarantors. She further asserts that she does not otherwise have the "minimum contacts" with the state of Illinois necessary to establish personal jurisdiction over her. On that basis, she moves to dismiss the complaint.

In a case where this court's jurisdiction is based on diversity of citizenship, it may exercise personal jurisdiction over a non-resident defendant only if an Illinois state court would also have jurisdiction. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992). Jurisdiction must therefore comport with Illinois statutory law, the Illinois Constitution, and the U.S. Constitution. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir.1997). The Illinois long-arm statute allows for jurisdiction when permitted

by the due process clauses of the U.S. Constitution and the Illinois Constitution. 735 ILCS 5/2-209(c); *RAR*, 107 F.3d at 1276; *Dehmlow*, 963 F.2d at 945. The question for the court is thus whether exercising personal jurisdiction over Berns would violate either the Illinois or U.S. Constitutions' due process clauses.

The Illinois Supreme Court has distinguished between the concept of due process under the Illinois Constitution and the concept of due process under the U.S. Constitution. *RAR*, 107 F.3d at 1276. All it has said, however, is that "jurisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois of which affect interests located in Illinois." *Id.* (citation omitted).

Finally, the U.S. Constitution's due process clause requires two factors be met to establish personal jurisdiction over a nonresident defendant: that the defendant have minimum contacts with the forum state and that exercising personal jurisdiction does not offend the concepts of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Put another way, to be subject to personal jurisdiction in Illinois, Bern must have purposefully availed herself of the privilege of conducting activities within Illinois such that she should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In a dispute involving an interstate contractual obligation, "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985) (citation omitted).

3

Nor is it necessary for the defendant to have physically entered the state. *Id.* Jurisdiction is proper in a particular state when a defendant has "purposefully directed" her conduct towards the residents of that state. *Id.* at 476.

Berns claims that she has not had sufficient contacts with Illinois to establish even "minimum contacts" with the state. *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000) ("(t)o exercise specific personal jurisdiction, the plaintiff's cause of action must arise out of or be related to these minimum contacts that sufficiently comport with fairness and justice"). Berns maintains that she did not negotiate the Agreement in Illinois and that she agreed only to guarantee an "isolated item in a comprehensive Distribution Agreement between two corporations." Although Berns admits that Web Records may have availed itself of the privilege of conducting business in Illinois, she asserts that Web's activities cannot be imputed to her.

The court finds that Berns is incorrect for a number of reasons. First, section 20 of the Agreement states that "(t)his Agreement shall be governed by the laws of Illinois." It obviously follows that Section 8, including the guaranty provision of 8(b)(2), "shall be governed by the laws of Illinois." By signing a contract that applied Illinois' substantive law to disputes arising under the guaranty provision, Berns sought to invoke the protection and benefits of Illinois law and thereby voluntarily submitted to Illinois jurisdiction. *Continental Bank N.A. v. Everett*, 742 F.Supp. 508, 510 (N.D.Ill. 1990) *aff'd* 964 F.2d 701 (7th Cir. 1992), *cert. den'd* 506 U.S. 1035 (1992).

The parties dispute whether Berns came to Illinois to negotiate the Agreement. Berns states in her motion that she did not "negotiate the Agreement in Illinois." Her

4

affidavit, however, is more vague. In it, she states only that she has "never resided nor conducted business in Illinois." M.S. Distributing responds with an affidavit from its president, Anthony Dalesandro, in which he states that in February or March 1998, he participated in negotiations with Berns in Hanover Park, Illinois, that led to the formation of the Agreement and the guaranty provision. "In deciding a motion to dismiss for lack of personal jurisdiction, the court may receive and consider affidavits from both parties." *Glass v. Kemper Corp.*, 930 F.Supp. 332, 337 (N.D.Ill. 1996). Any factual dispute in the pleadings and affidavits is resolved in favor of the plaintiff. *Id.* The court therefore accepts that Berns was present in Illinois to negotiate the terms of the guaranty provision. "It is settled law that if a foreign defendant comes to Illinois and engages in negotiations of some substance regarding the transaction from which the cause of action arises, defendant is subject to suit under the Illinois long-arm statute." *Electronic Signals Products, Inc. v. Eastern Electronic Co., Ltd.*, 783 F.Supp. 1135, 1140 (N.D.Ill. 1992) (citations and internal quotes omitted); *NUCOR v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572 (7th Cir.1994).

Nor can Berns use the "fiduciary shield" doctrine to protect herself from personal jurisdiction. Under this doctrine, personal jurisdiction may not be exercised over an individual who was present in a state only on behalf of an employer or principle. The doctrine presumes that it would be unfair to force an individual to defend an action in a state in which she was only present by proxy. The doctrine has no application in this case, however, because "the shield is withdrawn if the agent was acting also (or instead) on [her] own behalf to serve [her] personal interests." *Plymouth Tube v. O'Donnell*, 1995 WL 387595, *3 (N.D.Ill.) (citing *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th

Cir. 1994). According to the allegations in the complaint, Berns is an owner as well as an officer of Web Records. As such, her interests are coextensive with Web Records' and her contacts with Illinois served those interests. Her personal guaranty of Web Records' payments "further blurs any distinctions between corporate and personal interests which would make [Berns] unamenable to personal jurisdiction. *Id.* at *4.

Finally, the performance of the guaranty provision of the contract Berns signed is to be performed in Illinois. Payments made as the guarantor of paragraph 8(b)(2) of the contract are to be sent to Illinois. See *Continental Bank*, 742 F.Supp. at 510 (holding that because the payments for which guarantor was responsible were to be paid to Illinois personal jurisdiction was appropriate); accord *First Nat'l Bank of Chicago v. Boelcskevy*, 126 Ill.App.3d 271, 274 (1st Dist.1984). Based on all of these factors, there is no doubt that Berns has minimum contacts with the state of Illinois that point to her purposeful availment of its protections. *Hanson v. Denckla*, 357 U.S. 235 (1958).

The second prong of the due process inquiry is to determine whether exercising personal jurisdiction over Berns comports with ideas of fair play and substantial justice. "Once minimum contacts have been established, [Berns] can only escape jurisdiction by making a 'compelling case' that forcing it to litigate in [Illinois] would violate traditional notions of fair play and substantial justice." *Logan Productions, Inc. v. Optibase, Inc.*, 103 F.3d 49 (7th Cir.1996) (quoting *Burger King*, 471 U.S. at 477, 105 S.Ct. at 2184-85).

Berns makes no compelling argument that litigating this case in Illinois would be unduly burdensome to her. Nor does she suggest another forum that would have a more significant interest in the case than Illinois or that would be more a more convenient place to litigate. Illinois has an interest in having this litigated within the state because M.S.

6

Distributing is an Illinois corporation and because the parties chose Illinois law to apply to the terms of the contract. Berns' ability to travel between residences in Florida and California also rebuts any argument she might make that traveling to Illinois to litigate would be burdensome to her. The court finds that under these circumstances, exercising personal jurisdiction over Berns will not violate traditional notions of fair play and substantial justice.

For these reasons, the court finds that defendant Berns' motion to dismiss for lack of personal jurisdiction is without merit, and, for that reason, denies it.

**ORDERED:** The court denies defendant's motion to dismiss for lack of personal jurisdiction.

**ENTER:**

George W. Lindberg
United States District Judge

DATED: **DEC 1 9 2000**