Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1436 | **DATE** | 5/29/2003 |
| **CASE TITLE** | M.S. Distributing Co., et al. vs. Web Records, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** M.S. Distributing's emergency motion for attachment (doc. # 98) is GRANTED in part. The Court hereby prohibits defendants Berns and Jackson from withdrawing or encumbering $438,680.11 of the funds currently in Account No. 19093183 at the First Union National Bank of Palm Beach. As a condition of that order, pursuant to 735 ILCS 5/4-107, M.S. Distributing shall post a bond in the amount of $877,360.22, which is double the amount of the funds in the Account that defendants Berns and Jackson are prohibited from withdrawing or encumbering. That bond, in the form proposed in M.S. Distributing's motion, shall be filed with the Court by the close of business on May 30, 2003. Any other relief sought in M.S. Distributing's motion is DENIED.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| ✓ | Notified counsel by telephone. | MAY 3 0 2003 date docketed | |
| | Docketing to mail notices. | | 103 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| JJK | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED

MAY 3 0 2003

| | |
|---|---|
| M.S. DISTRIBUTING CO., a corporation, and CONGRESS FINANCIAL CORPORATION, a corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>WEB RECORDS, INC., a corporation; ILENE BERNS; and BRIAN JACKSON,<br><br>        Defendants. | No. 00 C 1436<br><br>Magistrate Judge Schenkier |

## MEMORANDUM OPINION AND ORDER

Pursuant to orders that have been entered in this case (doc. ## 40-41, 45, 67 and 95), default judgments have been entered in favor of M.S. Distributing and against defendants Berns and Jackson in the amount of $438,611.80. Since the last of these orders, which was entered on May 12, 2003, M.S. Distributing has filed a motion for an award of prejudgment interest on this amount (doc. # 96), which is in the process of being briefed. Accordingly, the default judgments against Ms. Berns and Mr. Jackson are not yet final. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175-76 and n.3 (1989) (motion for prejudgment interest constitutes a motion to alter or amend under Fed. R. Civ. P. 59(e), thus rendering a judgment non-final and non-appealable).

In order to secure payment for these judgments, M.S. Distributing has filed an emergency motion for pre-judgment attachment (doc. # 98). The funds that are the subject of M.S. Distributing's motion are held in Account No. 19093183 at the First Union National Bank of Palm Beach ("the Account"), which is held by Ms. Berns and in which Mr. Jackson claims an interest.

103

According to the materials submitted in support of the motion, that account currently contains some $1,480,000.00, which currently is frozen pursuant to an order of a state court in Florida that is adjudicating division of property between Ms. Berns and Mr. Jackson in connection with their divorce. M.S. Distributing claims that an emergency exists because Ms. Berns has filed a motion in the Florida state court, set for hearing on 06/02/03, seeking to release the frozen funds. M.S. Distributing seeks an emergency order attaching $438,611.80 of those funds, so that an amount sufficient remains to satisfy the default judgments in the event that the Florida court lifts the freeze on the Account.

At a hearing held on May 22, 2003, the Court expressed its preliminary views on the motion, and invited briefing by the parties. The Court now has received briefs from Ms. Berns (doc. # 101) and M.S. Distributing (doc. # 102) – Mr. Jackson does not oppose the motion. After considering the authorities and arguments presented, the Court grants M.S. Distributing pre-judgment relief – but in a different form than that which M.S. Distributing's motion seeks.

I.

Federal law allows prejudgment attachment "in the manner provided by the law of the state in which the district court is held." Fed. R. Civ. P. 64. Under Illinois law, a creditor with a claim exceeding $20 may attach property of the debtor where the debtor is not a resident of Illinois. 735 ILCS 5/4-101(1). Here, there can be no dispute that these elements have been satisfied: the amount of the default judgments far exceeds $20, and neither Ms. Berns nor Mr. Jackson is an Illinois resident (05/12/03 Mem. Op. and Order at 3).

That brings us to the first complication presented by plaintiff's motion. The Illinois prejudgment attachment statute provides for an order of attachment that authorizes the sheriff (or

other responsible officer) to attach property "found in the county." 735 ILCS 5/4-110. Here, the property in issue – the money in the Account – is located in Florida. However, that complication is not fatal to M.S. Distributing's motion. In *Philips Medical Systems International B.V. v. Bruetman*, 8 F.3d 600 (7th Cir. 1993), the appeals court considered the authority of the district court to order a defendant to deposit $800,000 with the court after entry of a default judgment that had not yet become final and appealable. The Seventh Circuit held that "[a] federal court is empowered to issue all orders necessary and proper to protect the enforceability of a judgment before it becomes final, provided only that the forum state equips its own courts with such remedies . . ." 8 F.3d at 604. And, the court concluded that Section 5/4-101 provided an "adequate foundation" for the district court's order requiring the defendant to bring funds from outside of Illinois into the jurisdiction to deposit them in the court, to be available to satisfy the default judgment if later affirmed. 8 F.3d at 604.

We are unpersuaded by Ms. Berns' argument that *Apollo Metals, Inc. v. Standard Mirror Co.*, 87 Ill. App. 2d 383 (Ill. App. 1967), undermines the Court's authority to act here (Berns Mem. at 2-3). In *Apollo*, the trial court had quashed service on the defendant Standard on a finding that Standard Mirror had not transacted business in Illinois. Within a few days after that ruling, the plaintiff sought to attach assets held by an non-party, Ford, which allegedly owed money to Standard Mirror. Standard Mirror then filed a motion to quash the attachment, which the trial court granted. The appellate court affirmed the order quashing the attachment. The appellate court framed the "sole question" on appeal as whether indebtedness owed by a non-party to a defendant is subject to an attachment action brought by the plaintiff, "when it has already been judicially determined that Illinois has no jurisdiction over the original action between plaintiff and defendant." 87 Ill. App. 2d

3

at 386. The appellate court answered that question with a resounding "no," concluding that the plaintiff's actions in pursuing an attachment after service on the defendant already had been quashed was "highly improper," and that the Illinois prejudgment attachment statute did not support the plaintiff's "attempt to sidestep the original order quashing judgment service upon Standard Mirror from which no appeal was taken and in which the court held that Illinois had no jurisdiction over plaintiff's action against defendant." *Id.* at 390.

In reaching this conclusion, the *Apollo* court discussed the Illinois prejudgment attachment statute, and made the point that only property within Illinois can be attached. 87 Ill. App. 2d at 389. However, *Apollo* did not address – much less reject – the point made by *Philips* that is critical here: that the Illinois prejudgment attachment statute gives a court the authority to order a party over whom the Court has jurisdiction to bring assets into Illinois, so that the Court then might control them. Because the sole question decided by the *Apollo* court was a jurisdictional one, we reject Ms. Berns' invitation to draw a broader reading from that decision that would bring it into conflict with the Seventh Circuit's teaching in *Philips*. Accordingly, the Court concludes that relief can be afforded to M.S. Distributing under the Illinois attachment statute even though the property in issue is located outside of Illinois.

## II.

Under *Philips*, the Court possesses the authority to order Ms. Berns and Mr. Jackson to deposit assets with the Court to protect the enforceability of the default judgments that have been entered. But, M.S. Distributing asks the Court to exercise that authority as to one specific asset: $438,611.80 of the funds in the Account. And that brings us to the second complication presented by M.S. Distributing's motion: the existence of the Florida state court order barring Ms. Berns "or

any other person" from accessing funds in the Account "until further order of this Court" (M.S. Distributing Motion, Ex.).

Comity is "the respect that sovereign nations (or quasi-sovereigns such as the states of the United States) owe each other." *Philips*, 8 F.3d at 604. That respect dictates that, as a matter of discretion, this Court should not lightly enter an order that would interfere with the freeze order of the Florida state court. The Seventh Circuit has observed that appeals courts have applied varying standards as to when concerns of comity should yield, and orders that might affect other proceedings nonetheless may be entered. *Id.*, at 605.

In this case, the Court finds it unnecessary to choose from among the varying standards that have been articulated, because we believe an order can be fashioned that does not interfere with the freeze order. The Court will not order that funds from the Account be withdrawn and deposited in this Court, as that would order Ms. Berns and/or Mr. Jackson to do what the Florida state court's freeze order prohibits. Instead, the Court will order prohibiting Ms. Berns and/or Mr. Jackson from withdrawing or encumbering $438,680.11 of the funds held in the Account. Such an order would not purport to override the order already entered by the Florida state court, and in the Court's view, would not implicate any comity concerns. Moreover, the Court considers this order to be within the authority under the Illinois prejudgment attachment statute recognized in *Philips*: if a court can order a defendant to bring funds from outside Illinois into the state to be deposited with the court, certainly a court can take the intermediate, and alternative, step of entering an order restricting defendants from withdrawing or encumbering funds that are outside of Illinois.

In reaching that conclusion, we have considered Ms. Berns' argument that such an order would interfere with the Florida court's ability to allow funds to be unfrozen in order to allow

5

payments to other creditors (Berns Mem. at 8). However, Ms. Berns' motion asserts only that the freeze is no longer necessary because it originally was intended to secure payment of funds from Ms. Berns to Mr. Jackson in the event a post-nuptial agreement was held enforceable, and the Florida state court later found it unenforceable (M.S. Distributing Motion, Ex.). Ms. Berns has not moved to release the frozen funds based on a need for access to the money to pay creditors. Nor has Ms. Berns offered any evidence to support her assertion that an order prohibiting her from withdrawing or encumbering $438, 611.80 in the Account – which would leave more than $1 million in the Account at her disposal if the Florida state court lifts the freeze order – would hamper her ability to pay other debts. And, even if Ms. Berns had offered evidence to show that this would be the case, that would not advance her case, as that fact would not divest the Court of its authority under the Illinois attachment statute to "protect the enforceability of [its default] judgment before it becomes final." *Philips*, 8 F.3d at 604.

The other arguments that Ms. Berns raises are equally unavailing. Ms. Berns argues that the relief sought by M.S. Distributing is barred by the Supreme Court's decision in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) (Berns Mem. at 6-7). However, that case held only that federal courts lack authority under Fed. R. Civ. P. 65 to issue a preliminary injunction preventing the defendant in that case from disposing assets pending adjudication of the plaintiff's monetary claims, when there is no lien or equitable interest claimed by the plaintiff in the assets. 527 U.S. at 310, 333. *Grupo Mexicano* in no way undermines the authority of this Court, conferred by Fed. R. Civ. P. 64, to use the Illinois prejudgment attachment statute. To the contrary, in *Grupo Mexicano*, the Supreme Court cited as a consideration in its reasoning the existence of state prejudgment attachment remedies made available through Rule 64. 527 U.S. at 330-31.

6

Ms. Berns also asserts that the attachment order sought by M.S. Distributing is premature, and that there "is no reason for this Court to take any action unless and until those funds actually are unfrozen" (Berns Mem. at 8). However, the purpose of the prejudgment attachment rules is to bring assets within the control of the Court *before* there is the opportunity for them to be dissipated or otherwise rendered unavailable to satisfy a judgment. Ms. Berns has provided no assurance that if her motion in the Florida state court is successful, that she would set aside $438,611.80 in the Account so that M.S. Distributing then could renew its motion for attachment. It would be cold comfort for M.S. Distributing to seek and obtain an attachment order locking the barn door only after the horse has escaped.

Finally, we do not agree with Ms. Berns' attempt to distinguish *Philips* on the mere ground that the defendant in that case was "uncooperative," whereas in this case Ms. Berns allegedly is "cooperative" (Berns Mem. at 4). We do not read *Philips* as making the presence of an "uncooperative" defendant a prerequisite to the Court's authority to act under the Illinois prejudgment attachment statute. And, as we commented above, Ms. Berns has offered no assurance that she would be "cooperative" in the future by setting aside $438,611.80 if the Florida state court lifts the freeze order on the Account, or by posting a suitable bond to secure the judgment – which, under ILCS 5/4-120, would result in the order entered by the Court today being lifted.

## CONCLUSION

For the foregoing reason, M.S. Distributing's emergency motion for attachment (doc. # 98) is GRANTED in part. The Court hereby prohibits defendants Berns and Jackson from withdrawing or encumbering $438,680.11 of the funds currently in Account No. 19093183 at the First Union National Bank of Palm Beach. As a condition of that order, pursuant to 735 ILCS 5/4-107, M.S.

Distributing shall post a bond in the amount of $877,360.22, which is double the amount of the funds in the Account that defendants Berns and Jackson are prohibited from withdrawing or encumbering. That bond, in the form proposed in M.S. Distributing's motion, shall be filed with the Court by the close of business on May 30, 2003. Any other relief sought in M.S. Distributing's motion is DENIED.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

**DATE: May 29, 2003**